UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO.  05-158-DCR

MONROE L. COLEMAN-BEY,                                          PETITIONER,

V.                           **MAGISTRATE JUDGE'S REPORT**
                             **AND RECOMMENDATION**

SUZANNE R. HASTINGS, WARDEN,                                   RESPONDENT.

## I.  INTRODUCTION

Petitioner, Monroe L. Coleman-Bey, a prisoner currently incarcerated at the United

States Penitentiary ("USP") – Big Sandy, located at Inez, Kentucky, has tendered herein a

pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his

convictions in the Superior Court of the District of Columbia.  (Record No. 1.)   On

December 12, 1985, Petitioner was convicted of armed robbery, attempted robbery while

armed, felony-murder while armed, and the three lesser included offenses of assault with

intent to rob while armed.  (Record No. 20, pp. 2-3.)

In his petition for habeas corpus, Petitioner attacks his conviction on four grounds.

(Record No. 1.)  Petitioner argues that his convictions for assault with intent to rob while

armed are improper, that the identification evidence was somehow unconstitutional, and that

both his trial and appellate counsel provided ineffective assistance.  (Id.)

Respondent has filed an Answer (Record No. 19) and Motion to Dismiss (Record No.

20) with attached exhibits containing relevant portions of Petitioner's District of Columbia court record. Petitioner has filed a reply to Respondent's Answer and Motion to Dismiss. (Record No. 24.) Accordingly, Petitioner's habeas corpus petition (Record No. 1) and Respondent's Motion to Dismiss (Record No. 20) are now ripe for review. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons set forth below, it will be recommended that Respondent's Motion to Dismiss (Record No. 20) be granted and that this matter be dismissed with prejudice.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Factual Background

On April 10, 1985, Petitioner and his co-defendant Ronald Gorham were indicted by a grand jury on four counts of armed robbery, in violation of D.C. Code §§ 22-2901, -3202; one count of attempted robbery while armed, in violation of D.C. Code §§ 22-2902, -3202; one count of felony-murder while armed, in violation of D.C. Code §§ 22-2401, -3202; one count of first degree murder while armed, in violation of D.C. Code §§ 22-2401, -3202; and one count of carrying a pistol without a license, in violation of D.C. Code §§ 22-3204. (Record No. 20, Mem. in Supp., p. 2.)  The indictment stemmed from Petitioner's participation in the robbery of four men at a craps game and the subsequent murder of one of those men as he tried to leave. (Id.) This matter proceeded to trial on December 4, 1985. (Id.; see also Record No. 24, Mem. in Supp.)  On December 12, 1985, the jury found

2

Petitioner guilty of armed robbery, attempted robbery while armed, felony-murder while armed, and the three lesser included offenses of assault with intent to rob while armed. (Record No.20, Mem. in Supp., pp. 2-3.) Petitioner was acquitted on the remaining counts of first degree murder while armed and carrying a pistol without a license. (Record No. 20, Ex. 1.)

On January 27, 1986, the trial court sentenced Petitioner to concurrent terms of incarceration of fifteen years to life for the armed robbery count and for each of the assault with intent to rob while armed counts, and to a consecutive term of incarceration of twenty years to life for felony-murder while armed. (Record No. 20, Mem. in Supp., p. 3.) The trial court did not impose a sentence on the attempted robbery while armed conviction because that conviction merged with Petitioner's felony-murder while armed conviction. (Id.) On January 20, 1988, the D.C. Court of Appeals affirmed Petitioner's convictions but remanded the case so that the trial court could vacate the conviction for attempted robbery while armed because it had merged with the felony-murder while armed conviction. (Id.) Subsequently, the United States Supreme Court denied Petitioner's petition for writ of certiorari. See Coleman v. United States, 486 U.S. 1013 (1988).

On October 26, 1989, Petitioner, through counsel, filed a post-conviction motion challenging his convictions pursuant to D.C. Code § 23-110. (Record No. 20, Ex. 4.) In that motion, Petitioner argued that because assault with intent to rob while armed was not a lesser included offense of armed robbery, it should not have been submitted to the jury. (Id.) On

3

January 12, 1990, the trial court denied Petitioner's § 23-110 motion because Petitioner failed to raise that argument on appeal and had not shown cause and prejudice to excuse that failure. (Record No. 20, Ex. 6.) On May 29, 1992, the D.C. Court of Appeals affirmed the trial court's denial of Petitioner's § 23-110 motion (Record No. 20, Ex. 7), and the Supreme Court subsequently denied Petitioner's petition for writ of certiorari (see Coleman v. United States, 506 U.S. 926 (1992).

Petitioner next filed a pro se motion to correct illegal sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure on or about July 24, 1996. (Record No. 20, Ex. 8A.) Petitioner also filed a supplement to his motion. (Record No. 20, Ex. 8B.) In his motion, Petitioner alleged that: (1) his sentence was illegally enhanced; (2) he was improperly convicted of the armed offenses because the jury acquitted him of the carrying a pistol without a license charge; (3) he was wrongly convicted of offenses not included in the indictment; and (4) he was improperly convicted of several counts that should have merged into one continuing offense. (See Record No. 20, Exs. 8A and 8B.)

On September 27, 1996, the trial court summarily denied Petitioner's motion. (Record No. 20, Ex. 10.) The D.C. Court of Appeals affirmed the trial court's denial on December 2, 1997. (Record No. 20, Ex. 11.) The appellate court held that only Petitioner's first claim, alleging an illegally enhanced sentence, was properly raised under Rule 35 and denied that claim on the merits. (Id.)

Petitioner filed a second motion to vacate pursuant to D.C. Code § 23-110 on

February 28, 2000, in which he argued that the offenses of assault with in to rob were not lesser included offenses of armed robbery and therefore should not have been submitted to the jury.  (See Record No. 20, Ex. 12.)  The D.C. Superior Court summarily denied Petitioner's motion as successive on November 23, 2000.  (Record No. 20, Ex. 12.)  That court stated that it was not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner."  (Id.)

On or about February 13, 2003, Petitioner filed his third motion to vacate pursuant to D.C. Code § 23-110(g), along with an affidavit in support and a motion for an evidentiary hearing.  (Record No. 20, Exs. 13A, 13C, and 13D.)  Shortly thereafter, in or about April 2003, Petitioner filed a motion pursuant to § 23-110(a) and an accompanying affidavit. (Record No. 20, Exs. 14A-B.)  In these various pleadings, Petitioner argued, among other things, that: (1) his assault with intent to rob while armed convictions were improper because they were not lesser included offenses of armed robbery; (2) the assault with intent to rob while armed counts should not have been submitted to the jury because he was not indicted on these charges; (3) the pre-trial identifications of him by the government witnesses were improper and unduly suggestive; and (4) his trial counsel was constitutionally ineffective for failing to raise those issues.  (Record No. 20, Exs. 13A and 14A.) The D.C. Superior Court summarily denied these motions as successive on April 28, 2003, and May 22, 2003, respectively.  (Record No. 20, Exs. 15A-B.)

Petitioner then appealed the denial of his § 23-110(a) motion.  (See Record No. 20,

5

Ex. 17.)  Concluding that all of Petitioner's contentions were procedurally barred, the D.C. Court of Appeals affirmed the trial court's denial of that post-conviction motion.  (Id.)  The Supreme Court subsequently denied Petitioner's petition for writ of certiorari.  See Coleman-Bey v. United States, 543 U.S. 1172 (2005).  Petitioner's petition for rehearing was also denied.  See Coleman-Bey v. United States, 125 S. Ct. 1835 (2005).

   B.  Procedural History

   On May 18, 2005, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Record No. 1), and a motion for leave to proceed in forma pauperis (Record No. 2).  On May 24, 2005, Petitioner was granted thirty (30) days in which to pay the filing fee for the instant action.  (Record No. 3.)  After Petitioner paid the appropriate filing fee (see Record No. 6), the undersigned denied as moot Petitioner's motion for leave to proceed in forma pauperis on June 23, 2005.  (Record No. 7.)  On June 29, 2005, Petitioner filed a motion to appoint counsel.  (Record No. 9.)  Petitioner's motion for appointment of counsel was denied on July 19, 2005.  (Record No. 11.)  By order dated July 26, 2005, Respondent was granted an extension of time until September 9, 2005, in which to file a response to Petitioner's petition for writ of habeas corpus.  (Record No. 15.)

   On September 9, 2005, Respondent filed a Response (Record No. 19) and Motion to Dismiss (Record No. 20), with attached exhibits consisting of the state court record.  After receiving an extension of time in which to file his reply to the Respondent's Response and Motion to Dismiss, Petitioner filed a reply November 2, 2005.  (Record No. 24.)  Thus, fully

briefed, Petitioner's petition (Record No. 1) and Respondent's Motion to Dismiss (Record No. 20) are now ripe for review.

### III.  ANALYSIS

#### A.  Introduction

In her motion to dismiss, Respondent suggest that Petitioner's petition should be dismissed with prejudice for three reasons.  (Record No. 20.)  Specifically, Respondent argues that: (1) this Court does not have jurisdiction to reach the merits of Petitioner's claims; (2) Petitioner's petition is time-barred; and (3) Petitioner's claims are meritless. (Id. at 9-10.)  It is axiomatic that a court must have jurisdiction before it has the authority to decide a case.  Thus, because jurisdiction is a threshold requirement, the Court will address that issue first.

#### B.  Jurisdiction

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).  That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1970) ("Court Reform Act").  The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, 151 F.3d at 1042 (citing D.C. Code § 23-110).

7

Section 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[1]

(Emphasis added).     Accordingly, prisoners sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110.  Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986); see also, Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.").  If that avenue proves unsuccessful, the prisoner may then pursue an appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system.  See Garris, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

---

[1] The comparable section, 28 U.S.C. § 2255, reads in pertinent part as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one** . . . ." Blair-Bey, 151 F.3d at 1042 (emphasis added). In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court . . . ." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, 794 F.2d at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective' . . . ." Blair-Bey, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881 F. Supp. 55, 59 (D.D.C. 1995); see also Swain, 430 U.S. at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255").

Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability utilize it . . . ." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

In this court, Petitioner argues that his convictions for assault with intent to rob while armed are improper, that the identification evidence was somehow unconstitutional, and that both his trial and appellate counsel provided ineffective assistance. (Record No. 1.) As noted above, Petitioner has filed four post-conviction motions in the D.C. Superior Court. Each of the claims advanced by Petitioner in his current habeas petition has been presented to the D.C. courts in at least one of those post-conviction motions. The D.C. Superior Court has summarily denied each of Petitioner's motions, and the D.C. Court of Appeals has affirmed those denials.

Despite his contentions to the contrary, Petitioner has failed to demonstrate that the local remedy pursuant to D.C. Code § 23-110 is inadequate or ineffective. Petitioner has previously presented the claims raised herein to the D.C. courts, and those claims have been denied as procedurally barred. (See Record No. 20, Exs. 6, 7, 11, 15A, 15B, and 17.) Those denials, however, do not mean that the remedy itself was inadequate or ineffective.

The remedy provided by § 23-110 is not inadequate or ineffective merely because Petitioner was unsuccessful in pursuing it. See Garris, 794 F.2d at 727; cf. Boyden v. United

States, 463 F.2d 229, 230 (9th Cir. 1972) (per curiam) (lack of success on § 2255 motion does not render remedy inadequate or ineffective), cert. denied, 410 U.S. 912 (1973), and Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied."). Indeed, "[a] petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them." Perkins, 881 F. Supp. at 59, n.5 (citing Garris, 794 F.2d at 727). Thus, Petitioner's personal lack of success in pursuing relief under D.C. Code § 23-110 does not render that remedy inadequate or ineffective.

Similarly, Petitioner's remedy under § 23-110 is not considered inadequate or ineffective merely because Petitioner's post-conviction motions have been denied as procedurally barred, rather than denied on the merits. Discussing the analogous § 2255 context, the Sixth Circuit has held that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . **or because the petitioner is procedurally barred from pursuing relief under § 2255** . . . or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (emphasis added); see also United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008 (2001). Instead, under § 2255, that remedy is inadequate only if it denies a defendant "**any** opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned

11

for a non-existent offense." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original); see also In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002).

Petitioner has not been denied "any opportunity for judicial rectification" of the alleged defects in his conviction. That Petitioner's §23-110 motions were denied as procedurally barred does not change this conclusion. Thus, Petitioner has failed to demonstrate that the remedy provided by § 23-110 was inadequate or ineffective. Absent such a showing, this Court lacks jurisdiction to entertain the claims in Petitioner's petition for habeas corpus. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss (Record No. 20) be granted, Petitioner's petition (Record No. 1) be dismissed for lack of jurisdiction, and that this matter be dismissed with prejudice and stricken from the docket.

## IV.  CONCLUSION

Accordingly, and for the reasons provided above, it is hereby recommended that Respondent's Motion to Dismiss (Record No. 20) be granted, Petitioner's petition (Record No. 1) be dismissed for lack of jurisdiction, and that this matter be dismissed with prejudice.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million,

12

380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party

may file a response to another party's objections within ten (10) days after being served with

a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

     Signed March 1, 2006.



Signed By:

<u>*Peggy E. Patterson*</u> ρεp

**United States Magistate Judge**

Date of Entry and Service:

13