UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| MONROE L. COLEMAN-BEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7: 05-158-DCR |
| ) | |
| V. ) | |
| ) | |
| SUSAN R. HASTINGS, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court for consideration of Petitioner Monroe L. Coleman-Bey's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] Pursuant to local practice, the matter was referred to United States Magistrate Peggy E. Patterson, for the preparation of a Report and Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B). Following review, the Magistrate Judge recommended that the petition be denied for lack of jurisdiction and that the action be dismissed, with prejudice.  The Petitioner filed objections to the R&R on July 17, 2006.  Additionally, the Petitioner filed a motion for leave to amend his petition to a 28 U.S.C. § 2241 petition on October 16, 2006.  Having reviewed the Petitioner's objections and subsequent motion, the Court concludes that the Magistrate Judge's recommendations should be adopted.  Accordingly, the relief requested by the Petitioner will be denied.

I.   BACKGROUND

The Petitioner was indicted in the District of Columbia for four counts of armed robbery, one count of attempted robbery while armed, one count of felony-murder while armed, one count of first degree murder while armed, and one count of carrying a pistol without a license. On December 12, 1985, a jury convicted him of armed robbery, attempted robbery while armed, felony-murder while armed, and three lesser included offenses of assault with intent to rob while armed. The Petitioner was acquitted on the remaining counts of first degree murder while armed and carrying a pistol without a license. He was then sentenced to a term of imprisonment of fifteen years to life for the armed robbery count and each of the assault with intent to rob while armed counts, all to be served concurrently, as well as a term of imprisonment of twenty years to life for the felony-murder while armed count, to be served consecutively. [Record No. 20, Mem. in Supp., p. 3] The D.C. Court of Appeals affirmed the conviction on direct appeal and remanded the case so that the trial court could vacate the conviction for attempted robbery while armed because it had merged with the conviction for felony-murder while armed. Thereafter, the Petitioner filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied on May 16, 1988. *See Coleman v. United States*, 486 U.S. 1013 (1988).

On September 15, 1988, the Petitioner filed a pro se motion to reduce his sentence. The trial court granted the motion, in part, and reduced the term of imprisonment for armed robbery and assault with intent to rob while armed from a term of 15 years to life to a term of 12 year to life, all to be served concurrently. The term of imprisonment for the felony-murder while armed conviction remained a term of 20 years to life, to be served consecutively.

The Petitioner subsequently filed three motions to vacate pursuant to D.C. Code § 23-110, as a well as a motion to correct illegal sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. All of the Petitioner's post-conviction motions were denied initially and on review in the D.C. Court of Appeals. Thereafter the Petitioner's filed a petition for writ of certiorari to the Supreme Court of the United States regarding his most recent §23-110 motion, which was denied on February 22, 2005. *See Coleman-Bey v. United States*, 543 U.S. 1172. His petition for rehearing was also denied. *See Coleman-Bey v. United States*, 544 U.S. 994. On May 18, 2005, Petitioner filed the present action for habeas relief pursuant to 28 U.S.C. § 2254.

## II.     STANDARD FOR HABEAS REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a writ of habeas corpus only if a claim previously adjudicated in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Additionally, subsection (e) of § 2254 states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). Thus, this Court must give proper deference to a state court's findings of fact that are supported by the record, absent clear and convincing evidence to the contrary.

### III.     ANALYSIS

#### A.     28 U.S.C. § 2254

After reviewing Coleman-Bey's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the Magistrate Judge recommended that this Court dismiss the action for lack of jurisdiction. The Petitioner filed objections to the Magistrate Judge's report and recommendation on July 17, 2006. Through these objections [Record No. 38] and his reply [Record No. 44], the Petitioner reiterates the allegations in his initial habeas petition. The Petitioner also argues that this Court has jurisdiction over his petition because the remedy available under D.C. Code § 23-110 is inadequate or ineffective. Specifically, the Petitioner argues that, "when no relief is granted due to constitutional violations[,] that is what makes the District of Columbia Remedy ineffective or inadequate." [Record No. 44, p. 2]

The Petitioner was convicted by the Superior Court of the District of Columbia and is currently incarcerated in the United States Penitentiary at Big Sandy, located in Inez, Kentucky. Because of the location of his imprisonment, this Court would normally have jurisdiction over his appeal. However, due to the unique nature and status of the District of Columbia, Congress has established special rules which govern persons convicted in the D.C. courts.

In 1970, Congress passed the District of Columbia Court Reform and Criminal Procedure Act, which provides a remedy "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). Under this provision, codified at D.C. Code § 23-110, persons sentenced in D.C. Superior Court must collaterally attack their sentence in D.C. Superior Court and appeal to the D.C. Court of Appeals.

This is an exclusive remedy that "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" *Blair-Bey*, 151 F.3d at 1042. This exception is known as the "safety valve" provision of § 23-110 and states that,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g) (1981). Thus, once a prisoner has been denied collateral relief in a D.C. Superior Court proceeding which was "adequate and effective," federal courts are not to entertain an application for writ of habeas corpus. *Swain v. Pressley*, 430 U.S. 372, 377 (1977).

According to the Supreme Court, the language of the "safety valve" provision of § 23-110 "was deliberately patterned after 28 U.S.C. § 2255." *Swain*, 430 U.S. at 377. Section 2255 provides that a federal prisoner may "challenge the validity of his conviction or sentence under § 2241 if § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *U.S. v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (*citing* 28 U.S.C. § 2255). "Just as § 2255 was intended to substitute a different forum and a different procedure for collateral review of federal convictions, § 23-110(g) was plainly intended to achieve a parallel result with respect to convictions in the District of Columbia." *Swain*, 430 U.S. at 378. Therefore, the determination of the adequacy or effectiveness of Petitioner's remedy under § 23-110 "hinges on the same

considerations enabling federal prisoners to seek habeas review." *Perkins v. Henderson*, 881 F. Supp. 55, 59 (D.D.C. 1195).

Here, the Petitioner contends that habeas relief is appropriate because his convictions for assault with intent to rob while armed are improper, that the identification evidence was somehow unconstitutional, and that both his trial and appellate counsel provided ineffective assistance. [Record No. 1] Petitioner presented each of these claims to the D.C. courts through at least one his post-conviction motions. However, the D.C. courts denied all of the Petitioner's claims as procedurally barred. The Petitioner contends that the D.C. courts failure to provide relief on his constitutional claims renders D.C. Code § 23-110 "inadequate and ineffective."

Contrary to Petitioner's contentions, the denial of his claims as procedurally barred does not demonstrate that his remedy under D.C. Code § 23-110 is inadequate or ineffective. According to the D.C. Court of Appeals, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *see also Perkins*, 881 F. Supp. at 60 ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Moreover, the Sixth Circuit has held, in construing the safety valve provision under the analogous § 2255, that a petitioner's remedy under D.C. Code § 23-110 is not inadequate or ineffective merely because relief has been denied, "or because the petitioner is procedurally barred from pursuing relief." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.

2001). The safety valve does not provide a "catch all" remedy, but is available only upon the Petitioner's demonstration that his remedy is truly "inadequate and ineffective." *Id*.

As the Petitioner has made no showing that his remedy in the D.C. courts was either inadequate nor ineffective, his petition will be dismissed for lack of jurisdiction.

### B. 28 U.S.C. § 2241

On October 16, 2006, the Petitioner filed a motion for leave to amend his petition to a § 2241 petition. [Record No. 52] He alleges that, because this Court lacks jurisdiction to hear his petition filed pursuant to § 2254, his remedy under 28 U.S.C. 2254 is inadequate or ineffective and he is entitled to relief under § 2241. [Record No. 52, p. 1]

Ordinarily, 28 U.S.C. § 2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *U.S. v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served.") However, the safety valve provision of § 2255 provides that "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241 if § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Peterman*, 249 F.3d at 461 (*citing* 28 U.S.C. § 2255).

Additionally, like a petition under § 2254, federal courts generally lack jurisdiction pursuant to § 2241 over persons convicted in the D.C. courts because of the availability of D.C. Code § 23-110. *Ford v. Wiley*, 168 Fed. Appx. 877, 880 (11th Cir. 2006). Therefore, for this Court to have jurisdiction over his petition filed pursuant to §2241, the Petitioner must show that

the remedy under § 23-110 is "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *Ford*, 168 Fed. Appx. at 880.

As discussed above, the safety valve provision of D.C. Code § 23-110 mirrors the language and is functionally equivalent to the safety valve provision of 28 U.S.C. § 2255. *See Swain*, 430 U.S. at 377. The Petitioner is basically arguing that because his claims under D.C. Code § 23-110 were denied as procedurally barred and, thus, this Court lacks jurisdiction over his § 2254 petition, § 2254 is an inadequate and ineffective remedy. However, as discussed by the Sixth Circuit in *Charles v. Chandler*, the denial of the Petitioner's claims under § 2254 does not demonstrate that his remedy under § 2254 is inadequate or ineffective. *Charles*, 180 F.3d at 756 ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied."). Nor does the fact that "the petitioner is procedurally barred from pursuing relief under § 2255" demonstrate that Petitioner's remedy under § 2254 is inadequate or ineffective. *Id*.

Because the Petitioner has not demonstrated that his remedy under either § 2254 or D.C. Code § 23-110 is inadequate or ineffective, this Court lacks jurisdiction over his petition filed pursuant to § 2241. Therefore, the Petitioner's motion for leave to amend his petition will be granted, but his petition will be dismissed for lack of subject matter jurisdiction.

**C.   Evidentiary Hearing**

In his initial § 2254 petition, Petitioner alleges that he is entitled to an evidentiary hearing on his claims. "A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petition presents specific allegations showing reason to believe the

facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). Because this Court lacks jurisdiction over Petitioner's claims, facts (even if more fully developed) would not "lead the district court to believe that federal habeas relief is appropriate." *Id*. Thus, no evidentiary hearing is required in this case.

### IV. CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 27] is **ADOPTED** and **INCORPORATED** herein by reference.

2. The Petitioner's objections [Record No. 38] to the United States Magistrate Judge's Report and Recommendation are **DENIED**.

3. The Petitioner's motion for leave to amend the petition to a § 2241 petition [Record No. 52] is **GRANTED**. However, his § 2241 petition is **DISMISSED** for lack of jurisdiction.

4. The Respondent's motion to dismiss [Record No. 20] is **GRANTED**. The Petitioner's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

5. The Petitioner's request for an evidentiary hearing is **DENIED**.

6. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right.

This 17th day of October, 2006.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**